Lawrence D. Sullivan v. Commissioner.
Sullivan v. Commissioner
Docket No. 2904-64.
United States Tax Court
T.C. Memo 1968-144; 1968 Tax Ct. Memo LEXIS 155; 27 T.C.M. (CCH) 711; T.C.M. (RIA) 68144; July 9, 1968. Filed *155 Gabriel T. Pap, for the petitioner. Agatha Vorsanger and William T. Holloran, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: In , this Court upheld respondent's determination disallowing in its entirety a deduction claimed by petitioner in 1962 for a total of $1,494.72 for transportation expenses for the use of his car in driving to and from his home in Staten Island, New York, and the various construction job sites in New York City where he worked as a wire lather. Petitioner always took his bag of tools with him on these trips. In (C.A. 2, 1966), the United States Court of Appeals for the Second Circuit reversed and remanded the decision of this Court. Upon remand, we are directed to make the following determinations: (1) Whether it was necessary for taxpayer to transport his tools to and from work; (2) whether some alternative means of storage was feasible and, if so, the cost of this alternative should represent the maximum allowable deduction for transportation of the tools; (3) whether taxpayer would have driven to *156 work absent the necessity of transporting his tools; (4) if not, taxpayer should be allowed to deduct his reasonable driving expenses, subject to the above maximum; (5) if so, those expenses should be allocated between transportation of the taxpayer and of his tools, with the latter allowed as a deduction, again subject to the maximum; and (6) in either case, to determine how much of the $1,494.72 deduction originally claimed by the taxpayer represents reasonable driving expenses. Additional evidence was introduced by the parties at a further trial held by this Court in New York City on August 24, 1967. Petitioner has abandoned his claim that his deductible transportation expenses in 1962 were $1,494.72 and now contends that the amount of $409.70 represents transportation expenses properly deductible by him in 1962. Findings of Fact The facts as found in our prior opinion in this case are herein incorporated by this reference. Petitioner is a resident of Staten Island, New York. His employer during 1962, John Melen, Inc. of New York City, was a subcontractor engaged in the business of metal furring and lathing. Most of the work done by John Melen, Inc. was alteration work rather *157 than new construction work. During 1962 the petitioner, in his capacity as wire-lather foreman, worker at the following locations: Week Ending
Date
Job Site
Jan. 3
2, 3
Assumption School, Staten Island
Jan. 10
4
Assumption School, Staten Island
5, 8
S.I. Hospital, Staten Island
9, 10
Jr. High School 27, Staten Island
Jan. 17
11
Jr. High School 27, Staten Island
12, 15
10 W. 57th St., Manhattan
16, 17
59 Mott Street, Manhattan
Jan. 24
All dates
Public School 305, Brooklyn
Feb. 7
All dates
Public School 305, Brooklyn
Feb. 14
All dates
Public School 305, Brooklyn
Feb. 21
15, 16
2 Broadway, Manhattan
19, 20, 21
4 Albany Street, Manhattan
Feb. 28
All dates
4 Albany Street, Manhattan
Mar. 7
All dates
4 Albany Street, Manhattan
Mar. 14
All dates
4 Albany Street, Manhattan
Mar. 21
15, 16, 19
4 Albany Street, Manhattan
20, 21
2 Broadway, Manhattan
Mar. 28
22
2 Broadway, Manhattan
23
141 Broadway, Manhattan
26
4 Albany Street, Manhattan
27, 28
141 Broadway, Manhattan
Apr. 4
Mar. 29, 30
2 Park Row, Manhattan
Apr. 2, 3, 4
130 William Street, Manhattan
Apr. 11
All dates
Beth Israel Hospital, Manhattan
Apr. 18
All dates
Beth Israel Hospital, Manhattan
Apr. 25
19, 20
Sutton Theatre, Manhattan
May 2
2
145 E. 32nd Street, Manhattan
3
145 E. 32nd Street, Manhattan
4
550 Park Avenue, Manhattan
7, 8, 9
Public School 27, Staten Island
May 16 though
Oct. 17
All dates
Public School 27, Staten Island
Oct. 24 though
Nov. 28
All dates
St. Peters High School, S.I.
*158 713 The distance between petitioner's residence in Staten Island and his various job sites in Manhattan was 10 or 11 miles. The distance from petitioner's residence to Public School 27 in Staten Island is about 6 miles, and the distance from his residence to St. Peters High School in Staten Island is about 5 1/4 miles. During 1962 the petitioner drove his 1957 Porsche, which he purchased on May 25, 1959 for $3,025, between his home and the job sites and always took his bag of tools with him on these trips. The gasoline consumption by the Porsche was about 23 or 24 miles per gallon. Petitioner travelled a total of approximately 14,000 to 15,000 miles in his automobile during 1962. Petitioner made expenditures of $436.98 for repairs to his automobile and $196.06 for automobile insurance during 1962. The round-trip fare for the ferry from Staten Island to Manhattan was $.90. Petitioner incurred parking fees of about $2 per day when he drove to job sites away from Staten Island. When petitioner worked at job sites in Staten Island he did not park his car in a parking lot. Petitioner was reimbursed $.25 per day for travel expenses when he worked in Staten Island. At some job *159 sites tool boxes provided by the contractor were available for the storage of tools. Guards were usually present at job sites involving new construction work. John Melen, Inc., petitioner's employer, reimbursed its employees for the expense of replacing their tools if such tools were stolen while stored overnight at the job sites. Petitioner has a permanent knee disability for which he collects disability benefits from the United States Government. Train service was available through the center of Staten Island. Bus transportation, which was also available, would sometimes involve a mile or two of walking by the petitioner. It was necessary for petitioner to transport his tools to and from work. Petitioner would have driven to work absent the necessity of transporting his tools. Opinion It fairly appears from the record that it was necessary for petitioner to transport his tools to and from work. He testified that he did not leave his tools at the job sites for fear they would be stolen and because his employer might call him in the evening to go to another job the next day. We do not believe that petitioner had any alternative means of storage at the job sites. In this respect *160 we have considered the testimony of respondent's witness and it is evident that storage facilities were not available at all sites and even where such facilities were provided it is not at all certain whether they were safe. There was testimony that there was usually a guard at new construction sites but we fail to see the relevance of this since the record is clear that most of the work performed by petitioner's employer was alteration work rather than new construction work. Furthermore, the testimony of respondent's witness, who was secretary of petitioner's employer, showed that job assignments for the next day were occasionally changed after the end of the working day and we feel that petitioner was justified in bringing his tools home each night in the event of such a possibility. Petitioner contends that the amount of $409.70 represents his deductible transportation expenses in 1962. He computes this figure on brief by adding his expenditures for gasoline, oil and lubrication, repairs, insurance, parking, ferry and depreciation to get a total of $1,926.40. Petitioner then obtains a figure of 13.76" per mile by dividing the total expenditures of $1,926.40 by his total mileage *161 for 1962 (14,000 miles) and then applies the 13.76" rate to the total 714 mileage from petitioner's residence in Staten Island to the various job sites (3,250 miles) to get $447.20. Petitioner then deducts from this figure the travel expense reimbursements of $37.50 received from his employer to obtain the amount of $409.70. We believe that petitioner has established that he incurred the various expenditures that make up the computation. It is admitted by respondent that petitioner expended $436.28 for repairs and $196.06 for insurance, and we feel that there is sufficient evidence in the record to support the expenditures for the remaining items. *
But we disagree with petitioner's contention that the entire amount of $409.70 is deductible. The evidence shows that petitioner would have driven to work absent the necessity of transporting his tools. With reference to public transportation in Staten Island, where petitioner lived, he testified that "[sometimes] you might be able to get *162 a bus. There is only one train running down the middle of Staten Island, and sometimes the buses would involve a mile or two of walking from the bus." Petitioner testified that, in view of this, it was more convenient to drive his automobile to work. There is also evidence that petitioner had a bad knee which would lead him to prefer driving to work rather than use public transportation. In accordance with the mandate directing us to make an allocation of expenses between the transportation of the taxpayer and of his tools, and using our best judgment and taking into consideration the entire record we find, and so hold, that $136.57 of the transportation expenses of $409.70 is allocable to the transportation of tools and therefore deductible by petitioner. Decision will be entered under Rule 50. Footnotes
*. It is significant that respondent in his original brief made a computation for purposes of argument of petitioner's automobile expenses applicable to business in the amount of $421.74.↩